UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OMAR ESCOBEDO,<br><br>                Plaintiff,<br><br>  v.<br><br>KIERA BURGIN GONZALES; CLINICIAN HANSEN; SEGREGATION OFFICER JOHN DOE; CORPORAL SMITH; SERGEANT BARROWS; CORPORAL NOBLE; CORPORAL BELL; and SERGEANT RODGERS,<br><br>                Defendants. | Case No. 1:23-cv-00406-AKB<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Omar Escobedo, through counsel, filed this prisoner civil rights action under 42 U.S.C. § 1983. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 15.

Plaintiff has now filed an Amended Complaint. *See* Dkt. 16. The Court retains its screening authority pursuant to 28 U.S.C. § 1915A(b). Having screened the Amended Complaint, the Court enters the following order allowing Plaintiff to proceed on the claims in the Amended Complaint.

1. **Screening Requirement and Pleading Standard**

As the Court explained in its Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2. **Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The Amended Complaint asserts plausible claims of sexual abuse and excessive force under the Eighth Amendment, as well as plausible claims of retaliation under the First Amendment.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff may proceed on the Amended Complaint. Plaintiff is responsible for serving Defendants with the Amended Complaint, or obtaining waivers of service, within 90 days after entry of this Order.

2.  Pursuant to General Order 324, this action is hereby RETURNED to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: May 2, 2024

_____
Amanda K. Brailsford
U.S. District Court Judge

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 3