UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OMAR ESCOBEDO,<br><br>　　Plaintiff,<br><br>　　v.<br><br>KIERA BURGIN GONZALEZ, in her individual capacity, and in her official capacity as an officer and employee of the Idaho Department of Correction, and CLINICIAN HANSEN, SEGREGATION OFFICER JOHN DOE, CORPORAL SMITH SERGEANT BARROWS, CORPORAL NOBLE, CORPORAL BELL, AND SERGEANT RODGERS, in their official capacities as officers and employees of the Idaho Department of Corrections,<br><br>　　Defendants. | Case No. 1:23-cv-00406-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

On June 3, 2024, Defendants Hansen, Doe, Smith, Barrows, Noble, Bell, and Rodgers filed a motion to dismiss. *See* Dkt. 20. Afterward, Plaintiff Omar Escobedo filed a motion to amend, followed by an amended motion to amend. *See* Dkts. 26, 29. For the reasons explained below, the Court will grant the last-filed

MEMORANDUM DECISION AND ORDER - 1

motion to amend, *see* Dkt. 29, which will moot the other two motions.

## ANALYSIS

This is a prisoner civil rights action, filed under 42 U.S.C. § 1983. The plaintiff, Omar Escobedo, asserts claims of sexual abuse and excessive force under the Eighth Amendment, as well as claims of retaliation under the First Amendment. In the latest version of his complaint, Plaintiff sued all individuals in their official capacities, *see* Dkt. 16, which prompted the above-named defendants' motion to dismiss. These defendants correctly pointed out that government officials "sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Hafer v. Melo*, 502 U.S. 21, 27 (1991). In response, plaintiff asked for an opportunity to amend his complaint in order to sue all defendants in their individual capacities. *See Proposed Third Amended Complaint*, Dkt. 29, at 4-19.

Federal Rule of Civil Procedure 15 governs a motion to amend a pleading, and the court is to "freely give leave [to amend] when justice so requires." The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party by virtue of allowing amendment, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

MEMORANDUM DECISION AND ORDER - 2

Of these factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Having considered these factors, as well as the arguments set forth in the briefing, the Court finds it appropriate to allow plaintiff to amend his complaint as set forth in the proposed Third Amended Complaint on file. *See* Dkt. 29, at 4-19.

## ORDER

IT IS ORDERED that:

1. Plaintiff's Amended Motion to Amend Complaint (Dkt. 29) is **GRANTED.** Within 10 days of this Order, Plaintiff is directed to file a clean, non-redlined version of the Third Amended Complaint attached to his amended motion to amend.

2. Defendants' Motion to Dismiss (Dkt. 20) and Plaintiff's earlier Motion to Amend (Dkt. 26) are **DEEMED MOOT.**

DATED: August 30, 2024

B. Lynn Winmill
U.S. District Court Judge